[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6055
This case involves an application for order to proceed with arbitration brought by Benjamin J. Doto against Lucy A. Critelli as Executrix of the Estate of Frank J. Critelli, deceased. The applicant (plaintiff) alleges that he and the defendant's decedent entered into a written agreement providing for arbitration which was submitted to this court as plaintiff's exhibit 1. This agreement, dated January 9, 1971, between Benjamin v. Doto and Frank J. Critelli, stated, in part:
 1. The parties do hereby form a partnership under the name of WHITE STREET PLAZA to conduct the business of a shopping center.
 2. The business shall be located at the premises known as the White Street Plaza on White Street in said City of Danbury. . . .
 3. That the partnership began on November 1st, 1969, and shall continue until terminated as hereinafter provided. . . .
 8. An account of the assets, both real and personal, belonging to said business. . . .
 10. On the death of a partner the surviving partner shall have the option to purchase the interest of the deceased partner. . . .
 A. Such option shall be exercised . . . within thirty (30) days of the date of death of the deceased partner. . . .
B. . . . .
 In case of failure to agree upon the purchase price of a deceased . . . partner, such purchase price shall be the fair market value of such interest as determined by arbitration. . . .
The plaintiff Doto testified that his partner, the decedent, died in March of 1996. He also offered in evidence (plaintiff's exhibit 2) a letter addressed to Mrs. Critelli, she being identified as executrix of her deceased husband's estate which CT Page 6056 stated: "I hereby exercise my option to purchase Frank's interest in the White Street Plaza partnership in regards to paragraph #10 of our Partnership Agreement of January 9th, 1971." Defendant's exhibit 1, the deed from the City of Danbury to the plaintiff and the decedent, dated November 11, 1969, was offered to show title to this property in their individual names and encompassed the White Street Plaza. It is most significant that the partnership agreement, although dated January of 1971, refers to the commencement of the partnership as November 1, 1969, just six days prior to the Danbury Common Council approving this conveyance. The plaintiff further testified that White Street Plaza operates as and through DC Realty as evidenced by plaintiff's exhibit 4 entitled, "AMENDMENT TO PARTNERSHIP AGREEMENT OF WHITE STREET PLAZA, A/K/A DC REALTY." Although the plaintiff further testified that DC Realty operated White Street Plaza, that the leases were executed by DC Realty and the insurance was issued in that name, the court can logically conclude that White Street Plaza was in fact DC Realty which in turn was owned by the plaintiff and the decedent and covered by this partnership agreement.
Section 52-410 (a) provides, in part: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement." Whereas § 52-408 of our statutes, provides: "An agreement in any written contract . . . to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof . . . shall be valid, irrevocable and enforceable. . . ." "As a matter of policy, arbitration agreements are favored, particularly in the field of labor-management disputes. `Arbitration is an arrangement for taking and abiding by the judgment of selected persons in some disputed matter, instead of carrying it to the established tribunals of justice; and it is intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation.'" WaureganMills, Inc. v. Textile Workers Union, 21 Conn. Sup. 134, 137,146 A.2d 592 (1958).
The executrix, Lucy A. Critelli, also testified at this hearing. She stated that her husband (decedent) told her never to sell the White Street shopping center as it was good Income. She stated she signed leases for the partnership. As stated in CT Page 6057Ginsberg v. Coating Products Inc., 152 Conn. 592, 596,210 A.2d 667 (1965), "[i]n this respect, alone, the dispute here is not merely a controversy over a simple appraisal. It is a genuine, bona fide dispute between the signatories of the . . . agreement and well within the meaning of 52-408." Furthermore, in the same case, the court stated that "[n]o one can be forced to arbitrate a dispute who has not previously agreed to do so, but where there is such an agreement the court is empowered to direct compliance with its provisions." Id., 596.
As previously noted in this opinion, the parties here chose to agree upon reference to any dispute for the acquisition of the decedent's interest to arbitration. As stated in Wauregan, supra, 138, "[t]his was there own choice. . . . The parties having chosen their own tribunal, this court would interfere only upon the clearest showing of invalidity, fraud or inequity." These elements have not been demonstrated in this case.
For the foregoing reasons, this court orders the parties to proceed with arbitration as provided in their agreement of January 9, 1991, and the arbitrators chosen shall determine the value of the decedent's interest in the White Street Plaza.
Grogins, J.